IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDSEY PRY,<br>　　PLAINTIFF,<br><br>V.<br><br>AMICA MUTUAL INSURANCE<br>COMPANY,<br>　　DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:19-CV-1730-L-BK |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's *Order of Reference*, Doc. 10, before the Court is Defendant's *Motion to Dismiss*, Doc. 4, and Plaintiff's *Motion to Remand*, Doc. 6. For the reasons that follow, both motions should be **DENIED**.

### I.  BACKGROUND[1]

On December 9, 2018, Plaintiff was a passenger in a vehicle struck by a drunk driver speeding through a red light. Doc. 1-3 at 9. Plaintiff suffered extensive injuries, while her boyfriend, who was driving, was killed in the collision. Doc. 1-3 at 9. Plaintiff has incurred over $200,000 in medical bills. Doc. 1-3 at 9.

Plaintiff filed an Underinsured Motorist ("UIM") claim with Defendant, her insurance company. Doc. 1-3 at 10. However, Defendant denied Plaintiff's UIM coverage, finding that "Plaintiff was not a resident of the household of her parents Gary and Shanna Pry and was not

---

[1] The recited facts are taken from the allegations in Plaintiff's *Original Petition*, which the Court must consider as true for purposes of determining the motion to dismiss under Rule 12(b)(1)&(6). *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

occupying a vehicle listed on the insured's policy," even though "[t]he policy in question lists Plaintiff as an insured and lists her vehicle, a Nissan Pathfinder co-owned by Plaintiff and her father Gary Pry as co-insureds."  Doc. 1-3 at 9-10.

Plaintiff filed her *Original Petition for Declaratory Judgment* in state court against Defendant, seeking a "determination that Plaintiff is a covered insured under [Defendant's] policy and may bring a claim for [UIM] Benefits."  Doc. 1-3 at 10.  Plaintiff contends that "she is specifically listed as an insured driver on the policy with her vehicle schedule in the policy, thus allowing her to claim [UIM] insurance benefits from [Defendant]."  Doc. 1-3 at 10.  Plaintiff also has filed a separate lawsuit in state court against the alleged tortfeasor, Kurston Williams and two drinking establishments, Legacy Hall and Legacy Vynl (the "Williams Case"), that allegedly served Kurston Williams alcoholic beverages.  Docs. 1-3 at 9.

On July 19, 2019, Defendant removed the case to this Court based on diversity jurisdiction.  Doc. 1.  Defendant now moves to dismiss Plaintiff's declaratory judgement action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Doc. 4.  Plaintiff subsequently moved to remand the case to state court.  Doc. 6.

## II.  MOTION TO REMAND

*Defendant's Amended Notice of Removal* alleges that this Court has subject matter jurisdiction based on diversity of the parties.  Doc. 12 at 1.  Specifically, Defendant avers that it is a "mutual insurance company duly organized, incorporated, and existing under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island," while Plaintiff is a citizen of Texas, and that the amount in controversy—Plaintiff's medical expenses and the full amount of the UIM coverage afforded by Defendant's policy—exceeds $75,000.  Doc. 12 at 2.

Plaintiff does not contest these assertions in her *Motion to Remand*. Doc. 6. Plaintiff instead argues that the Court should use its discretionary authority to remand the case back to state court because (1) the Williams Case is based on the same nucleus of facts; and (2) Defendant conceded that there is no subject matter jurisdiction by filing a motion to dismiss under Rule 12(b)(1). Doc. 6 at 5. However, Plaintiff's arguments are unsupported.

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable to federal court. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). A plaintiff may move to remand an action on the basis of any defect in the removal procedure within 30 days of removal, or at any time on the basis of a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Here, the facts establishing federal diversity jurisdiction—that the parties' citizenship is completely diverse and the matter in controversy is more than $75,000—are not contested. *See Ransom v. Nat'l City Mortg. Co.*, No. 3:13-CV-4642-L-BK, 2014 WL 717198, at *3-4 (N.D. Tex. Feb. 25, 2014) (denying motion to remand based on magistrate judge's recommendation when plaintiffs failed to contest the facts establishing federal diversity jurisdiction), *aff'd*, 595 F. App'x 304 (5th Cir. 2014). On this basis alone, Plaintiff's *Motion to Remand* should be denied. *Id.* Nevertheless, Plaintiff's discretionary powers argument is unpersuasive.

As Defendant correctly notes, federal and state proceedings are not "truly parallel" when the proceedings involve different parties and issues. *Nautilus Ins. Co. v. S. Vanguard Ins. Co.*, 899 F. Supp. 2d 538, 551 (N.D. Tex. 2012) (citing *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 374 (5th Cir. 1998)). Here, the federal and state proceedings are not parallel because Defendant is not a party to the Williams Case, which alleges tort claims—including negligence and Dram Shop Act liability—while these federal proceedings concern insurance coverage. *Id.*; Doc. 8. Moreover, Plaintiff fails to cite any legal authority for her proposition that a party admits a lack of subject matter jurisdiction by filing a motion to dismiss under Rule (12)(b)(1) on ripeness grounds after removing the case to federal court. *See* Doc. 6.

Accordingly, the Court concludes that this case was properly removed. Plaintiff's *Motion to Remand* should be **DENIED**.

### III.  MOTION TO DISMISS

Defendant contends that Plaintiff's suit for declaratory relief should be dismissed under Rules 12(b)(1) and 12(b)(6) as unripe because Plaintiff must first establish liability against the tortfeasor in the Williams Case and be awarded damages over her liability policy limits before seeking UIM benefits as an insured under Defendant's policy. Doc. 4 at 2, 6-7. Plaintiff responds that "an insured can litigate the issue of UIM coverage with the insurer without first obtaining a judgment against the tortfeasor." Doc. 11 at 4.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1)

4

motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

UIM insurance "protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles." TEX. INS. CODE ANN. § 1952.101(a). In order for a policy beneficiary of UIM insurance to recover benefits, the insured must show "(1) that the insured has underinsured motorist coverage, (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the underinsured motorist's insurance coverage is deficient." *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proc.). UIM insurance establishes an arrangement for benefits to be "conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

5

Here, Defendant mistakenly relies on the holding in *Brainard* that both filing suit against a UIM insurer and demanding benefits are insufficient to trigger a UIM insurer's duty to pay because the insurer's duty does not arise until the liability of the third party and damages are determined. *Brainard*, 216 S.W.3d at 818. Unlike in *Brainard*, however, Plaintiff seeks a "determination that *Plaintiff is a covered insured* under [Defendant's] policy and may bring a claim for [UIM] Benefits." Doc. 1-3 at 10 (emphasis added). If Plaintiff's pleadings are taken as true, Defendant's denial was not based on Plaintiff's failure to establish liability in an uninsured or underinsured tortfeasor, but on Defendant's conclusion that neither Plaintiff nor her vehicle are covered under the UIM policy—regardless of the liability issue. *Id.* Under these circumstances, Defendant's suggestion that the issue of liability and coverage are so intertwined that Plaintiff must obtain a judgement before litigating the issue of UIM coverage, Doc. 4 at 2, 6-7, seems disingenuous.

That notwithstanding, "an insured can litigate the issue of UIM coverage with the insurer without first obtaining a judgment against the tortfeasor." *Green v. Allstate Fire & Cas. Ins. Co.*, No. SA-19-CV-360-XR, 2019 WL 2744183, at *2 (W.D. Tex. July 1, 2019) (Rodriguez, J.). *Green*, 2019 WL 2744183, at *3 (citing *Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 456 (Tex. App.—Texarkana 2016, no pet.)). Based on this Court's review of *Brainard*, *Green*—a procedurally analogous case—is instructive.

As such, the Court sees no legal reason that Plaintiff should not be able to litigate the contractual issues of her coverage central to this case before first obtaining a judgment of liability and damages against the third-party tortfeasor. Thus, Plaintiff's *Motion to Dismiss* should be **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendant's *Motion to Dismiss*, Doc. 4, and Plaintiff's *Motion to Remand*, Doc. 6, should be **DENIED**.

**SO RECOMMENDED** on February 13, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).