IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LINDSEY PRY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-cv-1730-L** |
| | § | |
| **AMICA MUTUAL INSURANCE** | § | |
| **COMPANY**, | § | |
| | § | |
| Defendant. | § | |

# ORDER

On February 13, 2020, United States Magistrate Judge Renée Toliver entered the Findings, Conclusion and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16), recommending that the court deny both Plaintiff Lindsey Pry's ("Plaintiff") Motion to Remand (Doc. 6) and Defendant Amica Mutual Insurance Company's ("Defendant") Motion to Dismiss (Doc. 4). Plaintiff filed Objections (Doc. 17) related to the denial of her Motion to Remand. Defendant, however, did not file any objections to the denial of its Motion to Dismiss.

Plaintiff objected to the denial of her remand motion, asserting that "[r]espect for federalism counsels a federal court to abstain 'if the federal declaratory judgment action raises only issues of state law and a state case involving the same state issue is pending.'" Pl.'s Obj. 1-2 (quoting *Bedivere Ins. Co. v. Pacific Van & Storage of Tex. Inc.*, 2017 WL 2572775, at *8) (citation omitted)). Plaintiff specifically highlights Magistrate Judge Toliver's determination that this action was not parallel with the state court proceedings because Defendant is not a party to the state action. She acknowledges that the actions are not parallel but maintains her assertion that remand is appropriate. In support of this proposition, she relies heavily on the holding in *Bedivere*.

Specifically, she asserts that when faced with a similar situation as that before this court, the district court in *Bedivere* determined as follows:

> [T]he declaratory judgment case should be resolved in state court because there was sufficient similarity between (1) the federal court case between insurer and insured about whether the insurer would have to pay under the policy for the claim related to the third party, and (2) the underlying state court case between the insured and the third party to the insurance claim.

Pl.'s Obj. 2. (citing *Bedivere*, 2017 WL 2572775, at *8-9). Similarly, she asserts that the declaratory action before this court should also be determined at the state court level for the same reasons. The court disagrees.

Despite Plaintiff's reliance on *Bedivere*, the case is procedurally distinguishable. In *Bedivere*, the plaintiff sought a declaration from the district court declaring that it did not have a duty to indemnify the defendant in a state-court related action. In considering whether remand of this declaratory judgment action would be best resolved in state court, the district court stated as follows:

> Bedivere contends that the Underlying Lawsuit is not sufficiently similar because it will not resolve or decide whether Bedivere has any liability under the Policy and because Bedivere cannot be joined as third[-]party defendant in the Underlying Lawsuit. The court disagrees. In this lawsuit, Bedivere contends that it has no duty to indemnify Pacific because Assouad's claims are barred by the statute of limitations. In the Underlying Lawsuit, Pacific has asserted the statute of limitations as an affirmative defense, and its interests in vigorously pursuing that defense are aligned with Bedivere's interests in pursuing the defense. Although the court in the Underlying Lawsuit will not resolve the question whether Bedivere must indemnify Pacific, it *will* resolve the question whether the statute of limitations bars Assouad's claims. And if Pacific is not held liable in the Underlying Lawsuit, Bedivere will have no duty to indemnify Pacific.

2017 WL 2572775, at *9. Accordingly, the district court determined that the material issues necessary to determine whether indemnification was required would best be resolved in the underlying state lawsuit. Further, the court acknowledged that if liability was not determined at the state court level, the question of indemnification was moot. In the action before this court,

however, there is no allegation that the issues of insurance coverage are so intertwined or reliant on an issue being litigated in state court that this court could not make such determination. Moreover, Plaintiff's coverage under the insurance policy is not dependent on a finding of liability against the defendant in the state court action. Thus, the court finds no basis upon which to remand this action.

Accordingly, after careful consideration of the pleadings, file, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court, including Magistrate Judge Toliver's finding and conclusions concerning Defendant's Motion to Dismiss. The court, therefore, **overrules** Plaintiff's Objections (Doc. 17), **denies** Defendant's Motion to Dismiss (Doc. 4), to which no objections were filed, and **denies** Plaintiff's Motion to Remand (Doc. 6).

**It is so ordered** on this 6th day of March, 2020.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge